GINA KLAIR,[1] Respondent Below-Appellant,
v.
WALTER KLAIR, Petitioner Below-Appellee.
No. 561, 2009.
Supreme Court of Delaware.
Submitted: April 30, 2010.
Decided: June 7, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 7th day of June 2010, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The respondent-appellant, Gina Klair ("Mother"), filed an appeal from the Family Court's orders dated March 17, 2009, July 10, 2009, July 28, 2009, August 12, 2009, and September 3, 2009, which, collectively, determined the child support obligation of the petitioner-appellee, Walter Klair ("Father"). We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that Mother and Father are divorced and are the parents of two minor children. At the time the parties separated in July 2006, Father, an attorney licensed to practice in the State of Washington, was employed by the United States Air Force ("USAF") as a judge advocate with the JAG Corps. Mother was employed both as a reservist in the USAF and as a substitute teacher. In 2007, Father was transferred from California to Washington D.C. By that time, Mother had informed Father that she wanted a divorce and would be moving with the children to Dover, Delaware, where she planned to work at Dover Air Force Base. At that point, Father decided to retire from the military and move to Delaware. The parties were divorced in October 2007.
(3) On January 9, 2008, a consent order was issued by the Family Court under which Father was to pay Mother $2,600 per month in child support. On August 1, 2008, Father retired from the USAF, effective October 1, 2008. On September 24, 2008, Father filed a petition to modify his child support obligation on the basis of his decreased income due to his retirement from the military.
(4) A hearing on Father's petition was held before a Family Court commissioner on February 26, 2009. Father testified that, prior to his retirement, he had been on active duty with the USAF for 20 years. He stated that he had investigated practicing law in states other than Delaware, but had decided to take the Delaware bar exam. As of that time, he had enrolled in a bar review course, had signed up to take the Multistate exam, and was in the process of completing his application to take the Delaware bar exam. By order dated March 17, 2009, the commissioner determined that, because Father had voluntarily retired from the USAF, he was not entitled to an income reduction for purposes of his child support obligation. The commissioner calculated Father's child support obligation based upon his former active-duty pay.
(5) On March 27, 2009, Father requested review of the commissioner's order by a Family Court judge.[2] In his request for review, Father argued, among other things, that the commissioner had erred by basing his child support obligation on his active-duty pay and allowances, rather than his current actual income, consisting of his investment income and pension.
(6) The Family Court judge issued his first order on the request for review on July 10, 2009. In that order, the judge, among other rulings, agreed with Father's position that his current income, rather than his active-duty pay and allowances, should be used to calculate his child support obligation. In support of that determination, the judge stated as follows:
Father's decision [to retire] rests primarily on having a more meaningful and frequent relationship with his children. There is no indication that Father retired from the Air Force JAG to decrease his child support obligation or because he no longer desired to have work of any kind. . . . Father stated that he was seeking admission to the Delaware Bar . . . in order to be close to his children. . . . Father's testimony indicated that he is making earnest efforts to "achieve maximum income capacity." (Emphasis added.)
The judge then cited to Fam. Ct. Civ. Proc. R. 501(f), which states,
Parents who suffer a loss of income either voluntarily or due to their own misconduct may have their support obligation calculated upon reduced earnings after a reasonable period of time if the parent earnestly seeks to achieve maximum income capacity. (Emphasis added.)
(7) After the July 10, 2009 order was issued, Mother wrote to the Family Court about two clerical errors in the order. Father wrote to the Family Court and pointed out that the order incorrectly included his active-duty allowances in the child support calculation. He also requested the Family Court to rule on how he would recoup the child support he had overpaid as a result of the commissioner's improper calculation.
(8) In his subsequent order dated July 28, 2009, the judge agreed with Mother that there were several clerical errors in the calculation. The judge also scheduled a hearing for August 17, 2009 to address the issues raised by Father. At that hearing, the Family Court judge heard testimony from the parties regarding the amount of Father's retirement income. The judge stated that the issue of any overpayments of child support would be addressed in his final order. In his final order dated September 3, 2009, the judge decided the issue of Father's overpayment of child support as follows:
Any overpayment or underpayment of child support. . . shall be determined by the Division of Child Support Enforcement and any overpayment shall be credited to future child support payments in the amount of $200.00 per month until such time as the overpayment has been offset.
(9) In this appeal, Mother claims that the Family Court erred in its child support calculation by failing to a) attribute Father with earned income because of his voluntary retirement from the USAF; and b) explicitly credit Mother with $5,231.40 for reimbursement of Father for his overpayment of child support.
(10) The standard and scope of review applicable to an appeal from a decision of the Family Court extends to a review of the facts and law as well as to a review of the inferences and deductions made by the trial judge.[3] Where the trial court's decision implicates a ruling of law, this Court's standard of review is de novo.[4] If the Family Court has correctly applied the law, the standard of review is abuse of discretion.[5] This Court will not disturb the Family Court's factual findings if they are supported by the record and are the product of an orderly and logical deductive process.[6]
(11) We have carefully reviewed the parties' submissions as well as the record in this case. We find that, on the issue of the calculation of Father's income for purposes of his child support obligation, there was no error or abuse of discretion on the part of the Family Court in deciding as it did. The Family Court's factual findings were supported by the record as it existed at the time of the hearings and were the product of an orderly and logical deductive process, and there was no error of law. Because there is no basis upon which to disturb either the factual findings or the legal conclusions of the Family Court with respect to Father's child support obligation, as the situation presented itself at the time of the Family Court's orders, we affirm that portion of the Family Court's decision.
(12) On the issue of Mother's credit for reimbursement of Father for overpayment of child support, we also affirm the decision of the Family Court. While the amount of money paid by Mother to reimburse Father for his overpayment of child support is not explicitly included in the Family Court's order, that amount is in the record and is not disputed by either party. We see no reason to modify the Family Court's order under these circumstances.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court sua sponte assigned pseudonyms to the parties by Order dated September 25, 2009. Supr. Ct. R. 7(d).
[2] Fam. Ct. Civ. Proc. R. 53.1.
[3] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991) (citing Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983)).
[4] Waters v. Division of Family Services, 903 A.2d 720, 724 (Del. 2006).
[5] Jones v. Lang, 591 A.2d at 186.
[6] Id. at 187 (citing Solis v. Tea, 468 A.2d at 1279)).